FILED
JAMES BONINI
CLERK
2010 APR 14 PM 3:35
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS




**OHIO DEPARTMENT OF YOUTH SERVICES**

**Ted Strickland, Governor • Thomas J. Stickrath, Director**

April 8, 2010

Office of the Clerk
U.S. District Court, Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse, Room 121
85 Marconi Boulevard
Columbus, Ohio 43215

RE: *Bobby Mayberry v. Adrias Barnett, et al.*
Case No. 2:10 CV 204

Dear Clerk:

Enclosed please find the original Summons and Complaint issued to Paul Rybicki in the above-captioned case. These documents were accepted in error by staff at the Department of Youth Services, Central Office. Mr. Rybicki does not work at this site. We are, therefore, returning the documents to the Court.

If you have any questions, please feel free to contact me at 614-728-6968.

Sincerely,

Anthony Pierson
Chief Legal Counsel

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

BOBBY MAYBERRY

*Plaintiff*

v.

PAUL RYBICKI

*Defendant*

Civil Action No. 2:10 cv 204

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

PAUL RYBICKI
OHIO DEPARTMENT OF YOUTH SERVICES
51 NORTH HIGH STREET
COLUMBUS, OH 43215

A lawsuit has been filed against you.

Within ~~21~~ 45 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 3/16/2010

[signature]
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:




2010 MAR 15 P 5: 18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION - COLUMBUS**

**BOBBY MAYBERRY**
DYS# 212632
Indian River JCF
2775 Indian River Road, S.W.
Massillon, OH 44648

**Plaintiff,**

**v.**

**ADRIAS BARNETT,** individually,
Juvenile Corrections Officer,
c/o Ohio Department of Youth Services,
51 N. High Street,
Columbus, OH 43215,

**and**

**PAUL RYBICKI,** individually,
Juvenile Corrections Officer,
c/o Ohio Department of Youth Services,
51 N. High Street,
Columbus, OH 43215,

**Defendants.**

**Case No.** 2:10 cv 204

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**Judge** JUDGE SARGUS

MAGISTRATE JUDGE ABEL

---

## COMPLAINT AND JURY DEMAND

---

Now comes Plaintiff, *pro se*, for his complaint against Defendants and states the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff, a minor under the custody and control of Circleville Juvenile Correctional Facility, brings this civil action against Defendants Barnett and Rybicki alleging violations of 42 U.S.C. 1983. The action arises from a March 24th, 2009 incident during which Plaintiff, then a prisoner within the custody of the Ohio

Department of Youth Services ("ODYS") and assigned to the Circleville Juvenile Correctional Facility ("Circleville"), was subjected to an excessive use of force by Defendants Barnett and Rybicki resulting in a serious injury to Plaintiff's arm that has required multiple surgeries. Defendants actions violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. § 1983.

2. Plaintiff seeks monetary damages for economic and non-economic injuries he suffered as a direct and proximate result of Defendants' acts and/or omissions, punitive damages, and reasonable costs and fees.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1343(a) as it asserts claims under 42 U.S.C. 1983 premised upon violations of substantive rights guaranteed by the United States Constitution.

4. Venue in this Court is proper because the events giving rise to this action occurred at Circleville Juvenile Correctional Facility located in Pickaway County, Ohio.

## III. PARTIES

6. Plaintiff Mayberry is a United States citizen who resides at Indian River Juvenile Correctional Facility in Stark County. At all times relevant to the facts alleged in this Complaint, he was incarcerated by ODYS at Circleville.

7. Defendant Barnett is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Barnett was employed by ODYS as a Juvenile Corrections Officer ("JCO") and assigned

to Circleville. At all times relevant hereto, Defendant Barnett was acting under the color of state law. He is sued in his individual capacity.

8. Defendant Rybicki is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Rybicki was employed by ODYS as a JCO and assigned to Circleville. At all times relevant hereto, Defendant Rybicki was acting under the color of state law. He is sued in his individual capacity.

## IV. ADMINISTRATIVE

9. Youth exhausted his administrative remedies by filing a grievance on January 4th, 2010. He then appealed this grievance up through to the Chief Inspector's Office which granted his grievance on January 27th, 2010.

## V. STATEMENT OF THE CASE

10. On or about March 24th 2009, Plaintiff was in the care of Circleville, a DYS facility. He was housed on Unit Oak. The JCOs on duty that day were Defendants Barnett and Rybicki and they were responsible for the safety and supervision of all inmates, including Plaintiff.

11. On that day, Plaintiff had not been allowed outside and became frustrated. Plaintiff asked Defendant Barnett if he could go to his room to cool off and was told by Defendant Barnett, "Hell no".

12. Plaintiff began to pace back and forth in front of the JCO station. During the subsequent investigation, at least one staff member mentioned this was normal behavior for the Plaintiff and that he was "not a threat".

13. Though Plaintiff continued to pace, he posed no threat to either himself or to the Defendants. Nevertheless, Defendant Barnett, without cause or provocation, suddenly stepped in front of Plaintiff. He then leaned into him and challenged Plaintiff to fight. Defendant is significantly taller and heavier than Plaintiff.

14. Plaintiff responded by attempting to push Defendant Barnett out of his personal space and then turned to walk in the other direction. Defendant Barnett pursued Plaintiff by attempting to grab him. Plaintiff pulled away and Defendant Barnett again grabbed Plaintiff's arm.

15. Defendant Barnett then put his arm around Plaintiff's neck and threw him to the ground, ultimately falling on top of the Plaintiff. Defendant Rybicki then assisted Defendant Barnett and both of them continued to assault Plaintiff on the ground.

16. Defendants Barnett and Rybicki, without cause or provocation and with malicious intent, purposefully twisted Plaintiff's arm until it broke.

17. As a direct and proximate cause of the Defendants' actions, Plaintiff was severely injured. Plaintiff sustained a mid shaft fracture to his ulna and radius bones in his left arm. The injury initially required a cast but the severity of the injury has subsequently resulted in multiple additional surgeries.

18. The investigation completed by DYS substantiated the allegations that JCO Barnett used inappropriate force in his restraint of the Plaintiff.

19. The actions of Defendants' Barnett and Rybicki constituted an unreasonable, unnecessary and excessive use of force. The Defendants' actions were consciously done with malicious intent and constituted a violation of Plaintiff's right to

be free from the use of cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution.

20. The full extent of Plaintiff's injury is not yet known but has already required several surgeries. It is anticipated that future surgeries will also be necessary.

## VI. . STATEMENT OF THE CLAIM

### COUNT ONE

### 42 U.S.C. 1983 – EXCESSIVE FORCE

21. Paragraphs 1 through 20 are referenced as if rewritten.

22. Defendant Barnett's actions constituted an unnecessary and unreasonable use of force and violated Plaintiff's established constitutional rights to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments.

### COUNT TWO

### 42 U.S.C. 1983 – EXCESSIVE FORCE

23. Paragraphs 1 through 22 are referenced as if rewritten.

24. Defendant Rybicki's actions constituted an unnecessary and unreasonable use of force and violated Plaintiff's established constitutional rights to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks for judgment in his favor against Defendants, jointly and severally, as follows:

a. An award of economic damages of physical injuries in an amount to be determined by a jury;

b. An award of non-economic damages, including pain and suffering and emotional distress, in an amount to be determined by a jury;

c. An award of punitive damages in an amount to be determined by a jury;

d. An award of attorneys' fees (if applicable) and costs permitted by law; and

e. All other relief available under law or equity under the circumstances.

Respectfully submitted,

BOBBY MAYBERRY, *pro se*
DYS# 212632
Indian River JCF
2775 Indian River Road, S.W.
Massillon, OH 44648

Prepared with assistance from:
Gregory M. Kevan (0082968)
ODYS Legal Assistance Program[1]
401 E. Court Street, Suite 600
Cincinnati, Ohio 45202
Phone: (513)621-8800

[1] The ODYS Legal Assistance Program ("LAP") is an independent legal service contracted by the State of Ohio to assist incarcerated juveniles in meaningfully accessing courts to redress constitutional violations related to their confinement. LAP assists youth by investigating claims and, if appropriate, preparing pleadings for use in *pro se* litigation. *See J.P. v. Taft*, 439 F.Supp.2d 793 (S.D.Ohio 2006); *John L. v. Adams*, 969 F.2d 228 (6th Cir.1992).

**JURY DEMAND**

Plaintiff Bobby Mayberry demands a jury trial for all issues of fact as permitted by law.

BOBBY MAYBERRY, Plaintiff *Pro Se*